[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff has applied for a pre judgment remedy of replevin in order to obtain the immediate possession of two industrial machines. The defendants object to the issuance of a prejudgment remedy of replevin on the grounds the plaintiff has failed to demonstrate he has the right of immediate possession. For the reasons stated below, I have denied the plaintiff's application.
To prevail in an action of replevin, the plaintiff must prove that he has a general or specific property interest with a right to immediate possession. General Statutes 52-515. The adjective immediate denotes the right to possess at once, without delay. To prevail on his application for a prejudgment remedy of replevin, the plaintiff must establish that there is probable cause to sustain the validity of his claim for immediate possession. General Statutes 52-516. Probable cause has not been established.
The evidence demonstrates that the plaintiff does not have the right to immediate possession even though he holds legal title. The plaintiff, Pedro E. Wasmer, and the two individual defendants, Joseph S. Lowkes, Jr., and Alan Loeser, entered into a business venture for the purchase and sale, hopefully at a profit, of three industrial machines. The plaintiff, a business man, was to provide the investment capital for the business enterprise. The defendants were to provide their expertise. Loeser is an auctioneer of industrial machines. Lowkes is in the business of selling new and used machine tools. The parties agreed legal title to the machines would be in the plaintiff's name. They also agreed to split fifty-fifty all profits and losses. So far, one machine has been sold. When the plaintiff became impatient with the defendants' marketing efforts, he tried to sell the remaining two machines by himself. After the defendants refused to release the machines to a potential buyer, CT Page 3611 the plaintiff commenced this lawsuit.
The plaintiff's right to possession is restricted by the entanglements of the business venture. Until the affairs of the business venture are settled, no one of the participants has a right to the immediate possession of the machines. Since the plaintiff does not have a right to immediate possession, his application for a prejudgment remedy of replevin must be denied.
I note that the plaintiff's complaint goes beyond the scope of an action of replevin. The plaintiff has alleged five causes of action. "In an action of replevin, no cause of action, except of replevin or for a conversion of the goods described in the writ of replevin, may be stated. . . ." General Statutes52-522.
THIM, JUDGE.